[Cite as *State ex rel. White v. Falkowski*, 2026-Ohio-878.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. JAMEL WHITE, | **CASE NO. 2025-L-149** |
| Relator, | Original Action for Writs of Mandamus and Prohibition |
| - vs - | |
| JUDGE COLLEEN A. FALKOWSKI, et al., | |
| Respondents. | |

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: March 16, 2026
Judgment: Petition dismissed

---

*Jamel White*, pro se, 7953 Augusta Lane, Painesville, OH 44077 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, *Eric J. Foisel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1}   Relator, Jamel White, pro se, filed a petition for writ of mandamus and writ of prohibition against Respondents, Judge Colleen A. Falkowski and Magistrate Margaret S. Campbell.

{¶2}   This matter is before the Court on Respondents' motion to dismiss. For the reasons that follow, we grant Respondents' motion to dismiss and dismiss Relator's petition.

## Background

{¶3}  On December 26, 2025, Relator filed a petition for writs of mandamus and prohibition against Respondents.  Relator alleges that he is the plaintiff in *Jamel White v. Jennifer White*, Case No. 2025 DR 000172, which is currently pending before the Lake County Court of Common Pleas, Domestic Relations Division, and that Respondents are judicial officers who presided over that matter and exercised judicial authority therein.

{¶4}  Relator also alleges that during the course of the proceedings, Respondents violated various rules of court.  In particular, Relator alleges as follows:

{¶5}  (1) On July 24, 2025, Magistrate Campbell violated Lake C.P., Domestic Relations Div., Loc.R. 3.03(E) by granting Ms. White's motion to compel discovery and for attorney fees without giving Relator 14 days to respond.

{¶6}  (2) On August 25, 2025, Respondents violated Loc.R. 3.03(E) by granting Ms. White's motion to convert the temporary orders hearing into an in-person status conference without giving Relator 14 days to respond.

{¶7}  (3) On July 24, 2025, Respondents violated Loc.R. 5.04 by considering and issuing an order on Ms. White's motion to compel discovery despite the fact that Ms. White failed to include any representation that she attempted personal consultation or correspondence with Relator prior to filing.

{¶8}  (4) On August 25, 2025, Respondents violated Loc.R. 6(A) by converting the scheduled temporary orders hearing into an in-person status conference without giving Relator seven days' advance notice.

{¶9}  (5) During a hearing on December 3, 2025, Magistrate Campbell violated Loc.R. 12 and Sup.R. 39 by falsely claiming that a case management conference had already occurred and by failing to establish any specific deadlines or dates.

{¶10}  Relator further alleges that on December 17, 2025, he filed a motion to disqualify Magistrate Campbell pursuant to Civ.R. 53(D)(6) based on her personal bias and prejudice against him due to his pro se status.  Judge Falkowski has failed to rule on his motion.

{¶11}  Relator requests a writ of mandamus (1) compelling Respondents to comply with Loc.R. 3.03(E), 5.04, 6(A), and 12, and (2) compelling Judge Falkowski to rule on his motion to disqualify Magistrate Campbell.  Relator also requests a writ of prohibition (1) preventing Respondents from enforcing the orders dated July 24, 2025, August 5, 2025, and August 25, 2025, and (2) prohibiting Magistrate Campbell from exercising further judicial authority in his domestic relations case.  Finally, Relator requests that we vacate all orders issued in violation of rules of court and the Ohio Code of Judicial Conduct.

{¶12}  On January 9, 2026, this Court filed an alternative writ.

{¶13}  On January 15, 2026, Respondents filed a motion to dismiss Relator's petition.

{¶14}  On January 30, 2026, Relator filed a brief in opposition.

**Standard of Review**

{¶15}  "Dismissal of an action seeking writs of mandamus, prohibition, and/or procedendo under Civ.R. 12(B)(6) is appropriate if we find that after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling him to

Case No. 2025-L-149

relief." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12. "We may consider documents attached to or incorporated into the complaint when ruling on a Civ.R. 12(B)(6) motion to dismiss." *Gordon* at ¶ 8.

**Mandamus**

{¶16} We first consider Relator's mandamus claim. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'The function of mandamus is to compel the performance of a present existing duty as to which there is a default.'" *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168 (1983), quoting *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96 (1967). "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Gadell-Newton v. Husted*, 2018-Ohio-1854, ¶ 6.

{¶17} Relator requests an order compelling Judge Falkowski to rule on his motion to disqualify Magistrate Campbell. Respondents argue that Relator's request is moot because Judge Falkowski subsequently denied Relator's motion to disqualify. Relator acknowledges that Judge Falkowski denied his motion but states that it "does not cure the defect" of Magistrate Campbell's bias or address "the substance of the procedural irregularities."

Case No. 2025-L-149

{¶18} "A writ of mandamus will not issue to compel an act already performed." *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 1996-Ohio-117, ¶ 3. Although Judge Falkowski's denial of Relator's motion to disqualify is not part of the record in this case, the Supreme Court of Ohio has held that "'an event that causes a case to be moot may be proved by extrinsic evidence outside the record.'" *State ex rel. Nelson v. Russo*, 2000-Ohio-141, ¶ 4, quoting *Pewitt v. Lorain Corr. Inst.*, 1992-Ohio-91, ¶ 7. *See State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 18 ("When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief").

{¶19} Here, the domestic relations court's online docket confirms that Judge Falkowski filed a judgment entry denying Relator's motion to disqualify on January 14, 2026. Because there is no dispute that Judge Falkowski has performed the act that Relator sought in his petition, he is not entitled to mandamus relief. Although Relator disagrees with the substance of Judge Falkowski's ruling, "[r]emoval of a magistrate is within the judge's discretion, and mandamus will not lie to control judicial discretion, even if that discretion is abused." (Citations omitted.) *State ex rel. Williams v. Sieve*, 2011-Ohio-5258, ¶ 1. Relator has an adequate remedy by appeal to address any alleged errors in Judge Falkowski's ruling. *See id*.

{¶20} Relator also requests an order compelling Respondents to comply with Loc.R. 3.03(E), 5.04, 6(A), and 12.[1] "Extraordinary remedies" such as mandamus "are available only when usual forms of procedure are incapable of affording relief." *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137 (1973). "They may not be employed

---

1. As Respondents accurately note, Loc.R. 5.04 appears in the local rules of the general division rather than the domestic relations division.

Case No. 2025-L-149

before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction . . . ." *Id*. "When a trial court's error[s] can be corrected on appeal, there is an adequate remedy in the ordinary course of law." *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 10. Here, the procedural errors that Relator alleges can be corrected on appeal following the final adjudication of his domestic relations case. *See id*. *See also State ex rel. Smith v. Celebrezze*, 2009-Ohio-5386, ¶ 14 (8th Dist.) (a failure to abide by local rules is a procedural error and does not affect jurisdiction).

### Prohibition

{¶21} We next consider Relator's prohibition claim. To be entitled to a writ of prohibition, Relator must establish that (1) Respondents are about to exercise or have exercised judicial power, (2) Respondents' exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *Paschke* at ¶ 6. Relator need not satisfy the third element if Respondents "patently and unambiguously" lack jurisdiction. *Id*.

{¶22} "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 16. A court ordinarily "will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 2018-Ohio-3155, ¶ 24.

{¶23} Relator does not challenge Respondents' subject-matter jurisdiction. Rather, he asserts errors in Respondent's exercise of jurisdiction, namely, that Respondents failed to comply with their local rules and that Magistrate Campbell exhibited

bias against him.  Even presuming the truth of Relator's allegations, "prohibition is not the proper remedy."  *Paschke* at ¶ 8;  *see State ex rel. Enyart v. O'Neill*, 1995-Ohio-145, ¶ 8 ("the fact that [a judge] may have exercised . . . jurisdiction erroneously does not give rise to extraordinary relief by prohibition").  As stated, Relator has an adequate remedy by appeal following final adjudication of his domestic relations case.  *See Paschke* at ¶ 10; *Williams*, 2011-Ohio-5258, at ¶ 1.

{¶24}  Finally, we address Relator's request that we vacate all orders issued in violation of rules of court and the Ohio Code of Judicial Conduct.  The Supreme Court of Ohio has held that "where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*." (Emphasis in original.) *State ex rel. Litty v. Leskovyansky*, 1996-Ohio-340, ¶ 6.  Since Relator is not entitled to prohibition, he is also not entitled to vacatur of any orders.

{¶25}  Accordingly, after presuming all factual allegations in Relator's petition to be true and drawing all reasonable inferences in his favor, it appears beyond doubt that Relator can prove no set of facts entitling him to a writ of mandamus or a writ of prohibition.

{¶26}  For the foregoing reasons, Respondents' motion to dismiss is granted, and Relator's petition for writs of mandamus and prohibition is dismissed.


JOHN J. EKLUND, J., ROBERT J. PATTON, J., SCOTT LYNCH, J., concur.

Case No. 2025-L-149

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this Court, Respondents' motion to dismiss is granted, and Relator's petition for writs of mandamus and prohibition is dismissed.

Costs to be taxed against Relator.

JUDGE JOHN J. EKLUND,
concurs

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-149